IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MIDWAY RAYFORD PARTNERS, L.P. | § § | CASE NO.  11-33024-H1-11 |
| MIDWAY EASTSIDE PARTNERS, L.P | § § | CASE NO. 11-33046-H3-11 |
| MIDWAY METRO PARTNERS, L.P | § § | CASE NO. 11-33051-H4-11 |
| MIDWAY RICE PARTNERS, L.P | § § | CASE NO. 11-33056-H5-11 |
| MIDWAY LT, L.P. | § § | CASE NO. 11-33062-H3-11 |
| DEBTORS | § § § | (Chapter 11) |

**MOTION FOR JOINT ADMINISTRATION OF CASES**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**\*\*EMERGENCY CONSIDERATION OF THIS MOTION HAS BEEN REQUESTED.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Midway Rayford Partners, L.P, Midway Eastside Partners, L.P., Midway Metro Partners, L.P, Midway Rice Partners, L.P., and Midway LT, L.P. (collectively "Debtors"), file

this Motion for Joint Administration (the "Motion") pursuant to 11 U.S.C. § 105(a), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of their respective chapter 11 cases. The grounds for this Motion are as follows:

### Summary

1. Debtors *Midway Rayford Partners, L.P* (Case No. 11-33024-H1), *Midway Eastside Partners, L.P* (Case No. 11-33046-H3), *Midway Metro Partners, L.P* (Case No. 11-33051-H4), *Midway Rice Partners, L.P* (Case No. 11-33056-H5-11), and *Midway LT, L.P* (Case No. 11-33062-H3), each own a tract of undeveloped commercial real estate[1] which, in aggregate, comprises a contiguous 26 acre parcel located in Houston, Harris County, Texas.

2. The Debtors share similar debt structures, have the same secured lender, and the same individuals are principals of each Debtor's general partner. It would be a waste of judicial resources to conduct separate hearings on separate motions that seek almost identical relief by affiliated companies, who are run by the same principals, and who share the same major secured lender.

### I.   Jurisdiction

3. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (M).

### II.   Venue

4. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) & (2) because the Debtors' principal places of business has been located in this district for more than 180 days preceding the filing of these bankruptcy cases.

### III.   Factual Background

5. These chapter 11 bankruptcy cases were each filed on April 4, 2011 ("Petition

---

[1] Debtor Midway Eastside Partners, L.P. owns two tracts of real estate that are contiguous.

Date") under chapter 11 of title 11 of the Bankruptcy Code, 11 U.S.C. §§101 *et seq*. (the "Bankruptcy Code").  The Debtors continue to manage their property as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has been established yet.

7. The Debtors are Texas limited partnerships that are affiliated companies having the same individuals as principals of each Debtor's general partner.  Each Debtor owns a tract of undeveloped commercial real estate which, in aggregate, comprises a contiguous 26 acre parcel of land located in Houston, Harris County, Texas, near the intersection of South Rice Ave. and Westpark Dr. (collectively the "Property")[2].  These cases have each been filed as a "Single Asset Real Estate" case, within the meaning of the United States Bankruptcy Code, since the individual tracts of Property are the respective Debtor's only significant asset.

8. The Debtors' principal secured lender is Woodforest National Bank ("Woodforest Bank").  Woodforest Bank retains a first lien on the Property and is owed a principal balance of $17,518,029.36 ("Woodforest Note"), plus interest and other related charges.   These cases were filed to stop a foreclosure on the Property by Woodforest National Bank.

9. Case No. 11-33024 is the lowest case number and was assigned to this Court. Although the Debtors maintain separate books and records, it would be a waste of judicial resources to conduct separate hearings on separate motions that seek almost identical relief by affiliated companies, who are run by the same principals, and who share the same major secured lender.

---

[2] Debtor Midway Eastside Partners, L.P. owns two tracts of real estate that are contiguous.

## IV.     Relief Sought

10.     The Debtors ask the Court to enter an order (i) granting joint administration of each of the captioned cases, (ii) directing that all motions and other docket entries be entered in the docket of case number 11-33024, and (iii) directing that all hearings conducted in either bankruptcy case be conducted in case number 11-33024.

11.     The Debtors shall file separate schedules and statements of financial affairs in each of their respective cases.

12.     The Debtors also desire that the Office of the U.S. Trustee be authorized to conduct joint 341 meetings.

13.     Separate claims registered should be maintained by the Clerk of the Court.

14.     At present, the Debtors plan to file a joint chapter 11 plan.

15.     At present, the Debtors plan to file separate monthly operating reports.

## V.     Grounds for Relief

16.     Bankruptcy Rule 1015(b)(4) authorizes the joint administration of cases in which affiliates are debtors.  These Debtors are affiliates as defined by 11 U.S.C. § 101(2).

17.     Bankruptcy Rule 1015 also requires the Court to give due consideration to protecting creditors of different estates against potential conflicts of interest.  The Debtors do not seek to substantively consolidate their estates.  Joint administration alone will not create conflicts between estates.

18.     The Debtors seek joint administration of their chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

**Prayer**

WHEREFORE, the Debtors request that the Court authorizes the joint administration of the above-styled bankruptcy cases and grants such other relief as is just.

DATED:   April 6, 2011

>Respectfully submitted,
>
>HOOVER SLOVACEK LLP
>
>By: ___*/s/ Melissa A. Haselden*___
>EDWARD L. ROTHBERG
>State Bar No. 17313990
>MELISSA A. HASELDEN
>State Bar No. 00794778
>5847 San Felipe, Suite 2200
>Houston, Texas 77057
>Telephone: (713) 977-8686
>Facsimile: (713) 735-4135
>
>PROPOSED ATTORNEYS FOR DEBTORS

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing motion were forwarded via facsimile, e-mail, and/or U.S. first class mail, postage prepaid, on April 6, 2011, to the parties listed on the attached Service List.

>___*/s/ Melissa A. Haselden*___
>MELISSA A. HASELDEN

**Midway Rayford Partners, LP, et al**
**Debtors;**
**Jointly Administered**
**Case No. 11-33024**

Midway Rayford Partners, LP, et al
c/o Bradley R. Freels
800 Town & Country Blvd., Suite 200
Houston, Texas 77024

Ellen M. Hickman
Office of the U. S. Trustee
515 Rusk, Room 3516
Houston, Texas 77002

**Taxing Authorities:**

Texas Workforce Commission
Bankruptcy Section
P O Box 149080
Austin, TX 78714-9080

Internal Revenue Service
Insolvency Section
1919 Smith MAIL STOP HOU 5022
Houston, TX 77002

Texas Comptroller of Public Accounts
111 E. 17th Street
Austin, TX 78774-0001

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Harris County, et al.
Leo Vasquez, Tax Assessor Collector
P O Box 4622
Houston, TX 77210-4622

Harris County, et al.
c/o John P. Dillman
Tara L. Grundemeier
Linebarger Goggan Blair & Sampson
P O Box 3064
Houston, TX 77253-3503

Texas Commission on Environmental Quality
c/o Donna G. Phillips
5425 Polk St., Suite H
Houston, Texas 77023-1452

Texas Commission on Environmental Quality
c/o Legal Department
P.O. Box 13087
Austin, Texas 78711-3087

**Secured Lender:**

Woodforest National Bank
c/o Bryan T. Abraham
25231 Grogan's Mill Road, Suite 175
The Woodlands, Texas 77380